IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WEIRTON STEEL CORPORATION
LIQUIDATING TRUST, successor to
Weirton Steel Corporation,

    Plaintiff,

v.                                    Civil Action No. 5:04CV136
                                                (STAMP)
AMERICAN COMMERCIAL BARGE LINES, LLC,

    Defendant,

and

AMERICAN COMMERCIAL BARGE LINES, LLC,

    Third-Party Plaintiff,

v.

MENARD, INC. and
MSC PRE FINISH METALS, INC.,

    Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING THIRD-PARTY PLAINTIFF'S
MOTION FOR RECONSIDERATION AND
ALTERNATIVE MOTION FOR CERTIFICATION**

I. Procedural History

Weirton Steel Corporation Liquidating Trust ("Weirton"), the successor in interest to the bankruptcy estate of Weirton Steel Corporation ("Weirton Steel"), filed this civil action against American Commercial Barge Lines, LLC ("ACBL") as a result of alleged damage that occurred to a shipment of steel coils manufactured by Weirton Steel while the coils were in transit by barge to Chicago, Illinois. Weirton alleges that ACBL breached its

shipping contract with Weirton Steel and negligently transported and handled the steel coils.

ACBL sought leave of this Court to file a third-party complaint against Midwest Manufacturing[1] (an unincorporated division of Menard, Inc. abbreviated as "Menard") and MSC Pre Finish Metals, Inc. ("Pre Finish") pursuant to Federal Rule of Civil Procedure 14.  This Court granted the defendant's motion and the third-party complaint was filed.  ACBL then filed a motion to amend the third-party complaint which this Court granted.  The amended third-party complaint was filed thereafter.

Following the filing of ACBL's amended third-party complaint, both Pre Finish and Menard filed motions to dismiss the amended third-party complaint.  By memorandum opinion and order dated November 17, 2006, this Court granted the third-party defendants' motions to dismiss.  Now before this Court is third-party plaintiff ACBL's motion for reconsideration of the memorandum opinion and order granting dismissal.  In the alternative, ACBL moves for certification to the United States Court of Appeals for the Fourth Circuit.  Menard and Pre Finish filed a joint response in

---

[1]On January 4, 2006, ACBL filed a motion to amend or correct the caption of the third-party complaint to change the name of the third-party defendant from Midwest Manufacturing to Menard.  On January 30, 2006, this Court granted ACBL's motion because Midwest Manufacturing is a division of Menard rather than a separate legal entity with the capacity to be sued.

opposition to ACBL's motion for reconsideration or, in the alternative, for certification.

## II. Facts

In February 2000, Weirton Steel contracted with ACBL to ship steel coils from its manufacturing facility in West Virginia to a customer in Chicago, Illinois. ACBL delivered a barge to Weirton Steel's West Virginia plant, where Weirton Steel conducted a visual inspection of the barge. The barge was then loaded with the steel coils and ACBL transported the barge to Chicago. The bill of lading indicates that the coils were shipped to Menard (a/k/a Midwest Manufacturing) in care of Pre Finish. ACBL asserts that Pre Finish had a contractual relationship with Weirton Steel to coat/treat/condition the steel coils before ultimately delivering them to the purchaser, Menard.

When the loaded barge arrived at port in Chicago in March 2000, it was allegedly discovered that the steel coils had been damaged in transit. Weirton Steel ordered an inspection of the barge, and an inspector retained by Weirton Steel determined that the barge's water seals were defective. Weirton asserts that this defect was not discoverable pursuant to a visual inspection. Desiccant bags, used to absorb moisture, were also discovered in the barge hold upon its arrival in Chicago. Weirton asserts that Weirton Steel did not purchase the desiccant bags. Because the

3

damaged steel coils were allegedly useless for their intended purpose, Pre Finish and/or Menard refused to accept delivery.

Weirton Steel sold the damaged steel coils for their scrap value on August 1, 2002. On December 16, 2004, Weirton filed suit against ACBL for breach of contract and negligence arising out of the alleged damage to the steel coils. As noted above, ACBL was granted leave to file a third-party complaint and an amended third-party complaint against Weirton Steel's customers, Pre Finish and Menard, asserting claims for direct liability, indemnity and contribution, as well as a violation of the Carmack Amendment.

### III. Applicable Law

A. Motion for Reconsideration

"[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . . Where evidence is not newly discovered, a party may not submit that evidence in support of the motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Moreover, a motion for reconsideration should not be used to reiterate arguments previously made or as a vehicle to present authorities available at the time of the first decision -- a party should not file such a motion "to ask the Court to rethink what the Court had already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983); see

also Robertson v. Yamaha Motor Corp., USA, 143 F.R.D. 194, 196 (S.D. Ill. 1992). Rather, "a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law or where the party produced new evidence that could not have been obtained through the exercise of due diligence." Prudential Securities, Inc. v. LaPlant, 151 F.R.D. 678, 679 (D. Kan. 1993).

B.  Motion for Certification

Title 28, United States Code, Section 1292(b) permits a district court to certify an order not otherwise appealable and grant an interlocutory appeal if the Court believes that the order involves "a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The interlocutory appeal mechanism was not intended to be used in ordinary suits and was not designed "to provide early review of difficult rulings in hard cases." North Carolina v. W.R. Peele, Sr. Trust, 889 F. Supp. 849, 852 (E.D. N.C. 1995) (citing Abortion Rights Mobilization, Inc. v. Regan, 552 F. Supp. 364, 366 (S.D. N.Y. 1982)). Rather, an appeal under § 1292(b) "is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation." Abortion Rights Mobilization, Inc., 552 F. Supp. at 366.

The procedural requirements of § 1292(b) are to be strictly construed and applied, Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989), and the decision of whether to certify a question for interlocutory appeal is within the discretion of the court issuing the order. Riley v. Dow Corning Corp., 876 F. Supp. 728, 731 (M.D. N.C. 1992), aff'd, 986 F.2d 1414 (4th Cir. 1993). To determine whether an order should be certified for interlocutory appeal, courts generally apply the two-part test established by the language of § 1292(b). First, courts must determine whether there is a "controlling question of law as to which there is a substantial ground for difference of opinion." Peele, 889 F. Supp. at 852. Second, courts must inquire as to whether an interlocutory appeal would "materially advance the ultimate termination of the litigation." Id.

## IV. Discussion

A. Motion for Reconsideration

ACBL seeks reconsideration of the memorandum opinion and order granting the third-party defendants' motion to dismiss on the grounds that this Court failed to draw reasonable inferences in its favor and misinterpreted or misapplied the applicable rules, laws, and legal principles to ACBL's claims against Menard and Pre Finish. Specifically, ACBL argues that this Court misinterpreted ACBL's claims with regard to Federal Rules of Civil Procedure 14(a) and 14(c) and the Carmack Amendment. Additionally, ACBL argues

6

that it has established a claim for indemnity and contribution under general maritime law.

ACBL presents no new arguments or authority in support of its position that impleader of Menard and Pre Finish on the basis of the third-party complaint is permitted by Federal Rules of Civil Procedure 14(a) and 14(c).[2] Similarly, ACBL presents no new arguments or authority to show that its third-party complaint stated a claim for contribution or that the Carmack Amendment applies to water carriers and permits a private cause of action against purchasers of goods.

ACBL does argue that "maritime law decisions often recognize a right to indemnity even where the party seeking indemnity is negligent." In support, ACBL cites several cases that were not included in its response to the motions to dismiss. A review of those cases, however, reveals that each is distinguishable from this case because the right to indemnity asserted is grounded in breach of an implied warranty of workmanlike performance. Weyerhaeuser S.S. Co. v. Nacirema Operating Co., 355 U.S. 563, 567–

---

[2]ACBL argues that this Court's analysis of Rule 14(a) derivative liability focused solely on ACBL's direct liability claims while ignoring ACBL's claims for derivative liability, namely Count II (indemnity) and Count III (contribution). ACBL mentioned this argument, without significant analysis, in its response to the third-party defendants' motions to dismiss. To the extent that the argument could be considered new, this Court finds that it is without merit. This Court did consider Counts II and III of the third-party complaint and found that each failed to state a claim.

68 (1958)(shipowner's right of indemnity against a negligent contractor for breach of implied warranty of workmanlike performance is not necessarily defeated by shipowner's concurrent negligence); Commercial Union Ins. Co. v. M/V Bill Andrews, 624 F.2d 643, 647 (5th Cir. 1980)(recognizing that a negligent shipowner may have a right to indemnification from a negligent contractor for breach of warranty of workmanlike performance); Fairmont Shipping Corp. v. Chevron International Oil Co., 511 F.2d 1252, 1260 (2d Cir. 1975)(negligence of shipowner does not bar shipowner's recovery for breach of warranty); Tebbs v. Baker-Whiteley Towing Co., Inc., 407 F.2d 1055 (4th Cir. 1969)(negligence of shipowner does not bar indemnity from towing company where towing company breached implied warranty of workmanlike performance); Stevens v. East-West Towing Co., Inc., 649 F.2d 1104, 1110 (5th Cir. 1981)(negligent shipowner may be entitled to indemnity from towing company who breaches implied warranty of workmanlike performance). In this case, ACBL does not argue that the third-party defendants breached any implied warranty. Rather, ACBL asserts that it is entitled to indemnity because Menard and Pre Finish breached a duty owed to ACBL, because of their consignee-carrier relationship, to accept goods damaged in transit. This Court has previously determined that ACBL does not have a special relationship with Menard and Pre Finish such that equity would require the third-party defendants to indemnify ACBL. The

8

above cases cited by ACBL in its motion for reconsideration are inapposite and do not require a different ruling on the motions to dismiss.

Displeasure with a particular result is not, standing alone, grounds for a motion for reconsideration. In reaching a decision regarding the third-party defendants' motions to dismiss, the Court carefully considered the motions, the responses and replies thereto, and the applicable law. ACBL has not identified any misapprehension by this Court of the applicable law, of the facts, or of ACBL's position. Accordingly, this Court finds that ACBL's arguments in its motion for reconsideration do not merit an alteration of the memorandum opinion and order granting the third-party defendants' motions to dismiss.

B. <u>Motion for Certification</u>

In the alternative to its motion for reconsideration, ACBL requests that this Court certify as controlling issues of law to the United States Court of Appeals for the Fourth Circuit this Court's application of the following rules and laws in the November 17, 2006 memorandum opinion and order granting the third-party defendants' motions to dismiss: (1) Federal Rules of Civil Procedure 14(a) and 14(c), (2) general maritime law regarding indemnity, (3) general maritime law regarding contribution, and (4) the Carmack Amendment. ACBL does not provide any grounds in support of its alternative motion for certification. Specifically,

9

ACBL has not identified any authority to demonstrate that a substantial ground for difference of opinion exists regarding the application of the rules and laws that it seeks to certify. Nor has ACBL shown that an interlocutory appeal in this matter would advance, rather than impede, the ultimate termination of this litigation. Because this Court should only certify interlocutory appeals in exceptional circumstances and because the factors for interlocutory appeal have not been adequately established, ACBL's request for certification pursuant to 28 U.S.C. § 1292 is denied.

## V. Conclusion

ACBL has not presented sufficient new argument or authority to persuade this Court to reconsider its memorandum opinion order granting the motions to dismiss of the third-party defendants. Accordingly, ACBL's motion for reconsideration is DENIED. ACBL's alternative motion for certification to the United States Court of Appeals for the Fourth Circuit is also DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: August 22, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE